

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2009

# USA v. Samuel Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Samuel Wright" (2009). *2009 Decisions.* Paper 1887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1894

UNITED STATES OF AMERICA

v.

SAMUEL WRIGHT
also known as
"Dre"

Samuel Wright,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 3-06-cr-00405-001
District Judge: The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 10, 2009)

OPINION

SMITH, *Circuit Judge.*

Appellant Samuel Wright challenges the District Court's decision to sentence him to a

term of imprisonment consecutive to a state court sentence for an unrelated crime.  Wright

pleaded guilty to conspiracy to distribute marijuana and crack cocaine in violation of 21 U.S.C. § 846, and aiding and abetting the interference with interstate commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Wright's plea agreement specified a sentence of 114 months of imprisonment. On March 19, 2008, the United States District Court for the Middle District of Pennsylvania sentenced Wright to serve the 114-month term consecutive to, instead of concurrent with, a state court sentence for an unrelated homicide.[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm.

We review the District Court's decision to impose a consecutive rather than concurrent term of imprisonment for an abuse of discretion. *United States v. Spiers*, 82 F.3d 1274, 1277 (3d Cir. 2000). In considering whether a sentence should run consecutively or concurrently, a District Court must "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. § 3553(a)]." 18 U.S.C. § 3584. Wright claims that, contrary to the Sentencing Guidelines provisions, the District Court failed to adequately consider "[a]ny other circumstance relevant to the determination of an appropriate sentence for the instant offense." U.S. Sentencing Guidelines Manual § 5G1.3 cmt. 3(A)(v). Specifically, Wright alleges that the District Court abused its discretion by not addressing 1) Wright's representation that the state court told him that had the District Court sentenced Wright first, the state court would have imposed its sentence concurrent to the federal sentence, and 2) Wright's eligibility for removal after the end of his prison term. Wright also contends that his state court sentence for the unrelated homicide was a "sufficient, but not greater than necessary" punishment for his

---

[1]On September 7, 2007, the Luzerne County Court of Common Pleas sentenced Wright to fifteen-to-thirty years of imprisonment for criminal homicide.

federal crimes.  18 U.S.C. § 3553(a).

Based on our reading of the record, we cannot agree with Wright's claims.  Wright's plea agreement did not specify that the term of imprisonment had to run concurrently.  At his sentencing hearing, Wright made the same arguments for a concurrent term that he now asserts on appeal.  The District Court allowed the Government to respond to these claims, and permitted Wright to offer rebuttal arguments.  Then, after considering the sentencing factors listed in Section 3553(a), the District Court indicated that Wright's criminal conduct and the fact that he was a danger to the community warranted a consecutive sentence.[2]  Accordingly, we believe that the District Court adequately considered the relevant circumstances that Wright has highlighted on appeal, and whether the state court sentence for the unrelated homicide was, by itself, sufficient punishment for his federal crimes.  Therefore, we hold that the District Court did not abuse its discretion here.

---

[2]Contrary to Wright's claims, Wright's mere eligibility for removal from the United States does not render erroneous the District Court's conclusion that he is a danger to the community.